**UNITED STATES DISTRICT COURT DISTRICT
OF MINNESOTA**
Criminal No. 25-CR-197 (JWB/SGE)

---

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

                **DEFENDANT'S POSITION
REGARDING SENTENCING**

ROBERT JAMES LEVI,

                Defendant

---

Robert James Levi, by and through his attorney, John Fossum, respectfully submits the following sentencing position pursuant to U.S.S.G. § 6A1.2 and Local Rule, D.Minn. 83.10(e).

The parties object to the enhancement offered by the PSR writer at paragraph 25. The carefully negotiated plea agreement calculated the guidelines as follows:

A base offense level of 32, with a two level increase for a victim who was at least 12, but not yet 16. A two-level increase because the offense involved a sexual act. A 2-level increase because the offense involved the misrepresentation of the defendant's identity. A 3-level reduction for acceptance of responsibility, plus a chapter 4 adjustment as a Repeat and Dangerous Sex Offender. Based on these calculations, the parties agreed that the Offense Level is 35, and the criminal history category is V, as required by the Repeat and Dangerous Sex Offender Classification. (Plea Agreement, ECF 35, ¶ 8. PSR ¶ 3.)

The appropriate guideline sentencing range is from the mandatory minimum of 300 months to 327. The defense reserved the right to appeal the substantive reasonableness of any sentence above the guidelines range of 327 months.

The four level enhancement recommended by the PSR writer relies on facts that were not admitted at the change of plea hearing and are not part of the record before the court. The facts of

1

the case are those provided in Paragraph 2 of the Plea Agreement. (ECF 35). The Government would be required to submit evidence to support the enhancement suggested by the PSR writer. *United States v. Thomas*, 448 F.3d 1040, 1043, (8th Cir. 2011), *United States v. Foard*, 108 F.4th 729, 736 (8th Cir. 2024). With no evidence or admission to support the findings, the court cannot apply the enhancement in this case.

## OTHER GUIDELINES FACTORS

The Federal Sentencing guidelines are merely advisory, pursuant to *United States v. Booker*, 125 S.Ct. 738, (2005) The United States Supreme Court found in a brief opinion that it is error for the sentencing court to presume the guidelines are reasonable. *Nelson v. United States,* 555 U.S. 350, 2009 U.S. LEXIS 872,*;129 S. Ct. 890; 172 L. Ed. 2d 719 (2009). The court in *Nelson* explicitly stated:

> The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guidelines range. Under our recent precedents, that constitutes error.
>
> *Nelson* 129 S.Ct. at 892, (Emphasis as in original.)

The Supreme Court restated this in *Beckles v. U.S*.: "the Guidelines remain 'the starting point and the initial benchmark' for sentencing, a sentencing court may no longer rely exclusively on the Guidelines range; rather, the court 'must make an individualized assessment based on the facts presented' and the other statutory factors..." *Beckles v. United States,* 137 S. Ct. 886, 894 197 L.Ed.2d 145 (2017) (Quoting *Gall v. U.S.* 552 U.S. 38 (2007))

Mr. Levi suffered significant physical abuse as a child. The PSR writer noted that he had been assaulted by his stepfather, at one time that included a broken jaw, his stepfather was sentenced to 48 months in prison. (PSR ¶¶s 47, 95) Courts have previously approved variances

2

where a history of abuse or abandonment contributed to the defendant's situation. **U.S. v. Rivera,** 192 F.3d, 81, 84 (2nd Cir. 1999) **U.S. v. McBride,** 511 F.3d 1293 (11th Cir. 2007). Even if the abuse documented in this case did not rise to the level documented in the cases cited, it leads to a conclusion that the mandatory minimum 300 months is sufficient, but not greater than necessary to achieve the goals of sentencing.

> It seems beyond question that abuse suffered during childhood--at some level of severity--can impair a person's mental and emotional conditions. *See **Roe,*** 976 F.2d at 1218 (stating that "victims of [child] abuse frequently experience profound feelings of inadequacy, isolation, confusion, low self-esteem, and guilt" and that "each of these effects constitutes either a mental or emotional condition"); ***Vela,*** 927 F.2d at 199

> **United States v. Rivera**, 192 F.3d 81, 85 (2d Cir. 1999)

Although Mr. Levi reports contact with his father has resumed, there was a break in contact when he lived in Michigan and was abused by his then stepfather. (PSR ¶¶s 46-48). The break in contact between ages 12 and 15 indicates that a lack of direction and of a reliable male role model to steer Mr. Levi away from the conduct that led to this offense. **Landrigan v. Schriro**, 441 F.3d 638, (9th Cir. 2006)

The obligation of the court is to review the advisory guidelines, then the sentencing factors of 18 U.S.C. § 3553(a) and to determine the appropriate sentence based without reliance on a presumption that the guidelines calculations result in a reasonable sentence. More recently, the Supreme Court has made clear: "the principle that 'the punishment should fit the offender and not merely the crime.' " **Pepper v. United States**, 131 S. Ct. 1229, 1240 (2011).

The Supreme Court has found that the court may impose probation even if the advisory guidelines advise imprisonment quoting the trial court judge: "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances

involved in sentencing" *Gall v. U.S.* 128 S.Ct. 586 (2007) 552 U.S. 38;  2007 U.S. LEXIS

13083,*;128 S. Ct. 586; 169 L. Ed. 2d 445; at Lexis *29; (quoting the district court.)

### 18 U.S.C. §3553 (a) FACTORS

The guidelines are only one factor among many that the Court must consider

in determining an appropriate sentence consistent with Title 18 U.S.C. §3553.

*Kimbrough vs. United States*, 128 S. Ct. 558, (2007). At sentencing, this Court will

be called upon to select a sentence that is "sufficient, but not greater than necessary"

to achieve the purposes set forth within the statute. *Kimbrough* at 570.

Title 18 U.S.C. §3553 provides in part that "the court, in determining the particular
sentence to be imposed shall consider:
(1) the nature and circumstances of the offense and the history and
characteristics of the defendant;
(2) the need for the sentence imposed-
(A) to reflect the seriousness of the offense, to promote respect for the
law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational
training, medical care, or other correctional treatment in the most
effective manner;
(3)the kinds of sentences available;....

In this case, a sentence at the Mandatory Minimum of 300 months is appropriate, and

sufficient to meet the goals of sentencing.  A sentence above 300 months would make it almost

impossible for Mr. Levi to build a life after incarceration.

The court ultimately determines the appropriate sentence based on the defendant:

Although the sentencing judge is obliged to consider all of the sentencing factors outlined
in section 3553(a), the judge is not prohibited from including in that consideration the
judge's own sense of what is a fair and just sentence under all the circumstances. That is
the historic role of sentencing judges, and it may continue to be exercised, subject to the
reviewing court's ultimate authority to reject any sentence that exceeds the bounds of
reasonableness.

*U.S. v. Jones*, 460 F.3d 191, 195  (2nd Cir., 2006)

The harsh sentences recommended by the advisory guidelines:

ruin the lives of prisoners, their families, and they also hurt our economy and our communities by draining billions of dollars from the taxpayers and keeping potentially productive members of society locked up. The opportunity costs imposed by the sentencing guidelines are staggering. *U.S. v. Chavez,* 230 F.3d 1089, 1092 (8th Cir. 2000) (Bright J. Concurring)

Mr. Levi requests a sentence would allow him to have a chance to build life outside of a criminal lifestyle, and contribute to society, rather than incarceration for this 23-year-old man beyond the 25 year mandatory minimum.  The opportunity for Mr. Levi to build a life after incarceration could easily create a much greater benefit to society than extended incarceration at a cost in excess of $50,000 per year. (PSR ¶ 86.)

"Sentencing, that is to say punishment, is perhaps the most difficult task of a trial court judge." Jack B. Weinstein, Does Religion Have a Role in Criminal Sentencing? , 23 Touro L. Rev. 539, 539 (2007). While there are many competing considerations in every sentencing decision, a sentencing judge must have some understanding of "the diverse frailties of humankind." See *Woodson v. North Carolina* , 428 U.S. 280, 304, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) (plurality opinion). In deciding what sentence will be "sufficient, but not greater than necessary" to further the goals of punishment, 18 U.S.C. § 3553(a), a sentencing judge must have a "generosity of spirit, that compassion which causes one to know what it is like to be in trouble and in pain." Guido Calabresi, What Makes a Judge Great: To A. Leon Higginbotham, Jr. , 142 U. Pa. L. Rev. 513, 513 (1993) ; see also Edward J. Devitt, Ten Commandments for the New Judge , 65 A.B.A. J. 574 (1979), reprinted in 82 F.R.D. 209, 20a9 (1979) ("Be kind. If we judges could possess but one attribute, it should be a kind and understanding heart. The bench is no place for cruel or callous people regardless of their other qualities and abilities. There is no burden more onerous than imposing sentence in criminal cases.").
*United States v. Singh,* 877 F.3d 107, 121 (2nd Cir. 2017)

Mr Levi has made efforts to improve himself while in custody. Since he has been in Sherburne County he has been completing coursework to earn his GED and improve employment prospects after his incarceration. We have provided the court with 172 certificates of programming that he has completed during his time in Sherburne County. Among those is an

award certificate indicating he had completed coursework towards his GED, but he has yet to complete all the requirements.

## JUDICIAL RECOMMENDATIONS

Mr. Levi requests the court to include a recommendation that he be housed near his parents in Minnesota to allow him to maintain contact and relationships which would benefit him after his period of incarceration is over.

## MR. LEVI'S POSITION REGARDING SENTENCING

Mr. Levi requests the court to impose a sentence of the mandatory minimum of 300 months, rather than the 327 months recommended by the government.

Dated: March 17, 2026,

Respectfully Submitted,

*S/ John S Fossum*

John L. Fossum
Attorney for Defendant
ID #23493X
7900 International Drive,
Suite 300
Bloomington, MN 55425
(952)858-7372
fossumlaw@gmail.com